UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERTO MENDOZA RAYMUNDO,

Petitioner,

v. Case No.: 2:26-cv-02582-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents,
_______________________________/

**OPINION AND ORDER**

Before the Court are Roberto Mendoza Raymundo's Petition for Writ of Habeas Corpus (Docs. 1) and brief in support (Doc. 2), the government's response (Doc. 6), and Mendoza Raymundo's reply (Doc. 8).

Mendoza Raymundo is a native and citizen of Guatemala who entered the United States without inspection on October 15, 2017. He resides in Bonita Springs, Florida, with his pregnant wife. He has no criminal history. On July 3, 2026, Immigration and Customs Enforcement (ICE) arrested Mendoza Raymundo due to his immigration status and commenced removal proceedings by issuing a notice to appear. He is currently detained at Glades County Detention Center.

On July 21, 2026, Immigration Judge Jennifer Mazza ordered Mendoza Raymundo removed to Guatemala. Mendoza Raymundo appealed the order,

so it is not administratively final. Immigration Judge Stuart Siegel held a custody redetermination hearing on September 15, 2026. He found that Mendoza Raymundo was "not a suitable bail risk" and denied his request for a change in custody status. Mendoza Raymundo filed this habeas action three days later, claiming his detention is unlawful under the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.

In response, the government certifies it is detaining Mendoza Raymundo under 8 U.S.C. § 1225(b)(2), which requires the government to detain applicants for admission to the United States who are seeking admission and not clearly and beyond a doubt entitled to be admitted. As the government acknowledges, its position is contrary to binding Eleventh Circuit precedence. In *Hernandez Alvarez*, the Eleventh Circuit held, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).

The government also argues—this time correctly—that this Court does not have jurisdiction to review an immigration judge's discretionary bond decision:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). But as Mendoza Raymundo repeatedly states in his petition, brief, and reply, he does not ask the Court to reweigh evidence or otherwise review Judge Siegel's order denying bond. Rather, he challenges the statutory framework undergirding his detention. § 1226(e) does not bar habeas review of such a claim. *Demore v. Kim*, 538 U.S. 510, 516-17 (2003).

Because Mendoza Raymundo's petition presents a live controversy that falls under the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private

interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Mendoza Raymundo's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). While Judge Siegel held a custody redetermination hearing, it appears the result of that hearing was a foregone conclusion. The government is detaining Mendoza Raymundo under § 1225(b)(2), and immigration judges lack the authority to order the release of that class of noncitizen. 8 U.S.C. §§ 1003.19(h)(1), 1236.1(c)(11).

Third, while the government has a legitimate interest in preventing noncitizens in removal proceedings from absconding, the process attendant to § 1226(a) would be adequate to serve the interest in this case. That process

includes not just an initial custody redetermination hearing, but the right to request additional hearings when circumstances materially change. By classifying Mendoza Raymundo as an applicant for admission subject to mandatory detention under § 1225(b)(2), the government has stripped him of the right to any subsequent review of his detention, no matter the circumstances.

For these reasons, the Court finds that ICE violated Mendoza Raymundo's Fifth Amendment rights by detaining him under a statutory framework that does not provide due process.

Accordingly, it is hereby **ORDERED**:

Roberto Mendoza Raymundo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Mendoza Raymundo and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 2, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record